Smith, J.
This cause comes into this" court by an appeal taken by .Flanagan, and which has the effect to bring into this court ■ only the questions arising on the pleadings in the original case in which he is interested — none of the other parties having appealed. We-suppose that the findings of the common pleas, as to the other parties, as to which Flanagan has no interest, stand unaffected by the appeal.
The facts in the case as disclosed by the evidence offered in this court, are substantially these: About August 31, 1891, Elizabeth Augsperger was the owner in fee of lots ¿numbers 7 and 8 in Trenton, Ohio, and on that da y she ex *284 ecuted to her son, George Augsperger, a mortgage thereonr to secure a note for $1389.96 of that date, owing by her to-him. On the same day the mother and son executed to the-Second National Bank a note for $650.00, and as collate! ah security therefor, they delivered to the Bank this note and mortgage for $1,389.96, which mortgage was duly recorded by the Bank, but afterwards it was withdrawn from the' recorder’s office by George Augsperger without authority. On March 9, 1892, Mrs. Augsperger conveyed those lots to George in fee, she however retaining and reserving a life interest in the east half of the two lots at a rental of $40.00 per annum. This we understand to have been in satisfaction-of the note held by him against his mother, and did operate-to cancel it, except so far as the rights of the Bank were-concerned; but no release of the mortgage or of any part: thereof was ever entered of record. On March 19, 1892,. George and his wife executed a mortgage on the lots to the Eaton Building Association. At that time the Association officers knew of the record of the $1,389.96 mortgage, but George represented that it was paid, and Judge Fisher, the-attorney of the Association, as a condition of his approval of the loan, required a release of the mortgage to be entered,, but for some reason, which does not appear, the loan was made-without a release having been entered. On September 14, 1893, Augsperger and wife, by general warranty deed, conveyed the premises to defendant Flanagan, GeorgeAugsperger,as averred by Flanagan, then representing that the said $1,389.96 mortgage was fully paid, and that he-would cancel it.
There was an issue raised upon the pleadings in the common pleas, as to which of the two parties, Elizabeth A-ugsperger or her son George, was primarily bound for the debt of the Bank — each claiming the other was. The court of common pleas found on the theory that $364.45 was still due to the Bank on their last renewal note; that of this sum Elizabeth was the principal debtor to the amount of $40.45,. *285 and George the principal debtor for $324. We understand there was no objection to this, and no evidence was offered to us on these points.
A question arises as to the amount for which the Bank holds a lien on the mortgaged property. The original loan as for $650. It was renewed from time to time, the interest being paid, and sometimes a payment would be made upon the principal, and a new note be given for the balance and on------ 1892, the amount due on the note to the Bank was by payments thereon reduced to its minimum $■ — , but between this time and June 20, 1893, additional loans had been made by the Bank to George and Elizabeth Augsperger, and these additional amounts as well as the balance due on the assigned note,' were on June 20, 1893 included in one note, and signed by both of them, and the old mortgage note again pledged as collateral for this last note. And the question which arose at the hearing was, whether the Bank had any claim by reason of holding that collateral against the land for anything more than the minimium amount of their note of $650.00, after payments were made thereon with proper interest, and excluding any lien of the Bank for advancements subsequently made.
It would seem clear that when Elizabeth Augsperger conveyed to George the real estate, which was encumbered by a mortgage given to her by him, and which he then owned, that this would, as between the parties, operate as a cancellation of the mortgage without any express agreement that it should do so, because he then would be holding a mortgage on his own land. But if the note and the mortgage securing it, had, as in this case, been assigned to another, of course the rights of such person would not be affected by such conveyance by the mortgagor to the mortgagee. So it would seem that the Bank is entitled to a lien for the amount really due asa balance on its first loan,with interest, and perhaps as between the Bank and the two Augspergers it would be entitled to a lien for the further advances, though they were made after George became the owner, and this *286 perhaps on the doctrine of estoppel. I do not see how it can hold any lien for such subsequent advancement as against a person who acquires title to the mortgaged property before such advancements were made, as did the Eaton Building Association. The lien of the Bank at the time the Building Association took its mortgage, was only for the amount, actually due at that time on its note,for which the mortgage note was held as collateral, and as against it, it could not be increased without its consent. This we understand to be substantially conceded, but it is claimed that the Building Association is not here to contest the additional lien, not having taken any appeal. But Flanagan who acquired title to the land after the advances were made, and who took the land subject to the Building Association’s mortgage,did appeal, and he is interested in having the rights of the Building Association properly settled, and if the decision of the common pleas of the question of the right of the Building Association was wrong and affects him as it does, his appeal brings it up, and he is entitled to have the rights of the Building Assocation, in so far as it affects him, adjudicated.
Judge Hume, for Plaintiff.
Morey, Andrews & Morey,lor Defendant, Mrs. Augsperger.
M. Vaughn, for Building Association.
Slaybaok & Harr, for Flanagan.
We conclude then that the Bank has a lien for this land, as against Flanagan, who took it subject to the Building Association, only for the sum of $■ — -,that being the amount to which the claim of the Bank was reduced by the payment of $ — ---, and it is entitled to a decree for the sale of the land, unless that sum,with interest at the rate named in the note of the Bank to this time, be paid. But the Bank is also entitled to a finding against Augsperger and his mother for the residue of the claim against them, As neither of these two appealed from the finding of the common pleas as to the amounts for which each was severally liable, the finding as to this stands, and will be adopted here.